## ISAAC N. LOWE, Appellant, v. EUGENE E. MONT-GOMERY, Respondent.

### Kansas City Court of Appeals, February 5, 1906.

1. **TRUSTS AND TRUSTEES:** Removal of Trustee: Commingling of Funds. The mere fact that a solvent trustee with ample bond mingles trusts funds with his own does not necessarily make it incumbent on a court to remove him.

2. ————: ————: Loaning Funds: Interest. On a review of the facts held that the trust money had been fairly kept at interest and amply secured with an exceedingly favorable rate; and under the circumstances furnishes no cause for the trustee's removal.

3. ————: ————: Injuring Value of Trust Property: Starting Bank. A trustee holding certain bank stock for *cestui que trust* in which bank the trustee himself held considerable stock, promoted and took stock in a new bank in the same town. *Held*, the facts were not sufficient to evince the desire to lessen the value of the trust stock, since it does not in fact appear to have affected its value.

4. ————: ————: Enmity. Enmity between trustee and beneficiary is a matter for consideration on the question of removal of the trustee, but is not a mandatory cause for such removal; and the facts in evidence fail to show such enmity as would authorize such action.

5. ————: ————: Business Methods. A more acceptable business method in the trusteeship is suggested.

Appeal from Jackson Circuit Court.—*Hon. L. T. Dryden,* Special Judge.

AFFIRMED.

*J. Allen Prewitt* for appellant.

(1) Respondent's position as trustee (especially for the bank stock) is clearly antagonistic to his position as president of the new bank; the respondent depos-

117 App.—18

ited the trust fund to his own credit; converted it to his own use; used it for his own benefit; kept no bank account, book account or any other record of the trust fund to which anyone (even himself) could refer and obtain an accurate account of the investment and amount due appellant. For anyone of these causes he should be removed. Gaston v. Hayden, 98 Mo. App. 683, and cases there cited; Gartside v. Gartside, 113 Mo. 348; Morrow v. Morrow, 87 S. W. 593; 28 Ency. of Law (2 Ed.), p. 979; 1 Perry on Trusts, sec. 275; Wilson v. Wilson, 1 Am. St. 477. (2) Respondent did not loan the fund as contemplated by the will, and for that cause should be removed. Powell v. Hurt, 31 Mo. App. 632. (3) The fact that respondent may be solvent, or have a good bond, does not alter the case. State ex rel. v. Branch, 126 Mo. 459. (4) Under the facts in this case the respondent ought to be removed without compensation. Newton v. Rebenack, 90 Mo. App. 650; In re Estate of Bowie, 74 Mo. App. 191.

*John D. Strother, J. W. Clements* and *Cowherd & Ingraham* for respondent.

(1) The question of the removal of a trustee is one that rests within the sound discretion of a court of equity. Donaldson v. Allen, 182 Mo. 626; Gaston v. Hayden, 98 Mo. App. 698. (2) It is not every act of neglect of duty or mismanagement, nor is it every improper circumstance attending the performance of a trustee's duties that necessitates his removal. The principle underlying all the decisions is, that it must be an act or circumstance endangering the trust fund. 28 Am. and Eng. Ency. p. 979; Mathews v. Murchison, 17 Fed. Rep. 760; Satterfield v. John, 53 Ala. 127; Waterman v. Alden, 144 Ill. 90; Preston v. Wilcox, 38 Mich. 578, l. c. 582; Matter of O'Hara, 62 Hun (N. Y.) 531; Perry on Trusts (5 Ed.), sec. 276; 2 Story on Equity Jurisprudence, sec. 1289. It may be sufficient to require bond

Lowe v. Montgomery.

of trustee (in the case at bar bond was given). Berry v. Williamson, 11 B. Mon. (Ky.) 273. (3) It was the trustee's duty to lend the money as soon as possible in order that the estate might receive the benefit of the interest. Gales v. Hunter, 13 Mo. 511; McIntyre v. People, 103 Ill. 142; Knowlton v. Bradley, 17 N. H. 458. (4) The mere failure to keep a separate account and mingling of the funds with his own is not such a breach of trust as calls for the removal of the trustee. Especially is this true when the trustee is amply solvent, the estate secured by good bond, and the condition complained of remedied long before objection is made. Tittman v. Greene, 108 Mo. 22; State ex rel. Gable v. Cheston, 51 Md. 382.

ELLISON, J.—Plaintiff's father died in November, 1903. He left plaintiff by his will five thousand dollars in money and twenty shares of bank stock (of the face value of one hundred dollars per share) in the Bank of Blue Springs. By the terms of the will, the defendant was made trustee for the money with directions to loan it out for at least five years and pay the interest to the plaintiff. For the bank stock, while left in trust, a trustee was not named and, afterwards, defendant was appointed by the court as trustee for that also. This proceeding was brought to remove defendant from the trusteeship and resulted in refusal by the trial court; whereupon plaintiff appealed.

The main grounds charged as cause for removal were that defendant had not loaned the money, but had converted it to his own use; and that the relations between him and the plaintiff had become unfriendly by reason of business rivalry between two banks at Blue Springs, which had resulted from defendant having started and becoming largely interested in a bank in opposition (as alleged) to the bank in which plaintiff was interested in the same little town; the tendency of which

was alleged to lesson the value of the stock owned by plaintiff.

It appears that defendant received the money from the executor of the estate in March, 1904, and that this proceeding was instituted in a year and a month thereafter; so that whatever breach of trust there is must have occurred within that space of time. Defendant gave bond in the sum of ten thousand dollars with an approved surety company as surety, on account of the five thousand in money, and eight thousand on account of the stock. The bond is not questioned and defendant is amply solvent. But it was shown that defendant deposited the money received as trustee in bank in his individual name, at a time that his account was overdrawn in the sum of about six hundred dollars. This, and the fact that he does not appear to have kept any separate book of account of his trusteeship, and that his loaning of the fund was, in some instances, done in a somewhat involved manner, and not in a way which approved business methods would suggest, are the grounds of complaint which have chiefly arrested our attention.

The mere fact that a solvent trustee with ample and sound bond mingles the trust fund with his own does not necessarily make it incumbent on a court to remove him. [Tittman v. Green, 108 Mo. 22.] In determining such a question, it is but common sense to take into consideration the solvency of the trustee and the sufficiency of the bond, and so it was said by Judge GANTT in the case just cited. So we conclude that that irregularity (which ought not to be continued) was properly considered insufficient by the trial court; especially, in view of the fact that defendant considered that he was liable for the interest on the whole sum thus received and placed.

When the time is considered, we think the money (in amount) has been fairly kept at interest and that it was amply secured and the rate of interest, at this time, exceedingly in plaintiff's favor; all, but one loan of five hundred dollars, drawing seven per cent and that draw-

ing six per cent. There has been but one payment of interest received, by defendant to the plaintiff, but he has never called for or demanded more. The fact is that the time between defendant's receiving the money and the institution of this proceeding is too short for any serious or substantial default in the payment of interest to the plaintiff. It was shown that the notes for all loans made were deposited with the surety company and that that was the agreement defendant made with such company. It is worthy of remark, in this connection, that some time after the irregularities to which we have referred, this plaintiff consented to the appointment of the defendant as trustee for the bank stock. And furthermore, he has not appeared as a witness in the cause in his own behalf.

But it is said that defendant has become unfriendly to the plaintiff and that he has done things tending to lessen the value of the defendant's stock in the Bank of Blue Springs. These things consisted in assisting to organize what is termed an opposition bank in the town of Blue Springs. But we do not consider the act of aiding in the organization and becoming a stockholder of another bank as evincing a desire to destroy or lessen the value of the stock owned by the plaintiff; nor do we find that it has in fact affected the value. It was shown that the defendant was a large stockholder in the Blue Springs Bank and that he still owns that stock. From which fact, it ought to be supposed that, so far as his intentions are concerned, he would not do anything to injuriously affect the prosperity of that bank.

Enmity between trustee and beneficiary is a matter for consideration on the question of removal of the trustee, but it is not a mandatory cause for removal. [Gaston v. Hayden, 98 Mo. App. 683.] However, we do not consider that there has been cause for an interruption of friendship between these parties and, save for the institution of this proceeding, do we see that there has been.

While it is advisable for defendant, if he has not already done so, to immediately adopt more acceptable business methods in the trusteeship, so that a specific statement of a separate account of his stewardship could be made at any time, yet, from the whole record, it is apparant that the funds in his charge have not been in anywise endangered. We, therefore, adopt the view of the trial court and affirm the judgment.

All concur.